## Joseph Conrad v. Cynthiana & Connersville Tpk. Co.

**Corporations—Agreement of Stockholders to Donate to Company.**

An agreement by subscribers for stock in a turnpike company to pay ten per cent. annually on the stock subscribed for until the road is out of debt, is not an agreement to take additional stock in case it should be found necessary, but is a mutual agreement between the stockholders upon sufficient consideration to donate to the company in the proportion indicated, a sum sufficient to pay the debt incurred in the construction of the road.

**Corporations—Agreement of Stock Subscribers to Donate to the Company.**

Where the original subscriber to stock of a turnpike company bound himself to pay ten per cent. annually on the stock subscribed for until the road is out of debt, the fact that a subsequent subscriber did not enter into such obligation does not relieve the original subscriber from the obligation.

**Corporations—Pleading—Suit on Stock Subscriber's Agreement.**

In suing on an undertaking of subscribers to stock in a turnpike company to pay ten per cent. on the stock subscribed for until the company is out of debt, it is not necessary to allege directly that the call sued on was required to pay the debt of the company.

APPEAL FROM HARRISON CIRCUIT COURT.

October 7, 1873.

OPINION BY JUDGE LINDSAY:

We do not regard the agreement upon the part of those subscribing for stock in the turnpike company to pay ten per centum annually on the amount of stock subscribed for until the road is out of debt, as an undertaking to take additional stock in case. the same should be found necessary, but as a mutual agreement between the stockholders upon a sufficient consideration to donate to the company in the proportion indicated, a sum sufficient to pay the debt incurred in the construction of the road, and thereby preserve the stock subscribed for, unincumbered by the debts of the company.

When these annual installments of ten per cent are paid and the debt of the company discharged, each stockholder will own the stock originally subscribed for and no more, and each will be correspondingly benefited by the satisfaction of the debt they have thus paid. It does not appear whether the county of Harrison bound itself in this regard as the original stockholders were bound, but as the company accepted its subscription upon the terms offered, if it is not so bound the favor extended to it can not release those originally subscribing from their voluntary obligation.

We regard the petition as good. If the turnpike company has not been properly organized that is a matter of defense which does not appear upon the face of the petition.

It was not essential to allege directly that the call sued on was necessary to pay the debt of the company. The agreement is to pay until the company is out of debt. It is alleged that it owes $800, and it is apparent that the call sued on will not do more than satisfy that debt, hence it can not be inferred that it is unnecessary.

The demurrer to the petition was properly overruled. We think the answer presents no defense. The view taken as to the nature of the contract to pay ten per cent on the amount of stock subscribed for, until the debts of the company are paid, obviates the objection made by appellant that the company is here attempting to collect stock subscribed for in excess of the aggregate capital fixed by the order of the county court, and also disproves of the question of usurious interest.

Judgment *affirmed*.

*J. Q. Ward, for appellant.*

*A. H. Ward, for appellees.*